IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARGONAUT MIDWEST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., GATEWAY ARTHUR, INC., and HANNELORE HOLTON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ARGONAUT MIDWEST INSURANCE COMPANY ("ARGONAUT MIDWEST "), by its attorneys, Cray Huber Horstman Heil & VanAusdal LLC, pursuant to 28 U.S.C. § 2201 *et. seq.*, and for its Complaint for Declaratory Judgment against the Defendants, DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., GATEWAY ARTHUR, INC., and HANNELORE HOLTON ("Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief in which ARGONAUT MIDWEST seeks a declaration that it has no duty to defend or indemnify Defendants DLC LANDSCAPE & SNOW REMOVAL, INC., DLC SERVICES, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR INC. against a complaint for personal injuries filed by HANNELORE HOLTON in the Lake County (Indiana) Superior Court captioned, *Hannelore Holton v. Demotte Drugs, Inc., et. al.*, cause no. 45D11-1506-CT-00095.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff ARGONAUT MIDWEST is an Illinois corporation, with its principal place of business located in Chicago, Illinois. ARGONAUT MIDWEST issued a policy of insurance to DLC SERVICES, INC., as more fully detailed below.

5. Defendant DLC SERVICES, INC., upon information and belief, was at all relevant times an Indiana corporation, with its principal place of business located in Merrillville, Lake County, Indiana. Debbie L. Cruz is, and at all relevant times was, the president, principal and/or owner of DLC SERVICES, INC.

6. Defendant DLC LANDSCAPE & SNOW REMOVAL, INC., upon information and belief, is and at all relevant times was, an Indiana corporation, with its principal place of business located in Crown Point, Lake County, Indiana. Debbie L. Cruz is, and at all relevant times was, the president, principal and/or owner of DLC LANDSCAPE & SNOW REMOVAL, INC.

7. Defendant GATEWAY HIGHLAND PROPERTIES, INC., upon information and belief, is, and at all relevant times was, a California corporation. GATEWAY HIGHLAND PROPERTIES, INC. is alleged in the Holton lawsuit to be the owner of property located at 10809 Randolph Street, Crown Point, Lake County, Indiana where HANNELORE HOLTON allegedly slipped and fell.

8. Defendant GATEWAY ARTHUR, INC. is a foreign corporation domiciled in the state of California. GATEWAY ARTHUR, INC. is, and at all relevant times was, the owner of the property located at 10809 Randolph Street, Crown Point, Lake County, Indiana where HANNELORE HOLTON allegedly slipped and fell.

9. Defendant HANNELORE HOLTON is named in this action as a nominal defendant, and is a necessary party under Indiana law. ARGONAUT MIDWEST will voluntarily dismiss HANNELORE HOLTON if she stipulates in writing to be bound by any judgment entered in this cause.

## UNDERLYING LAWSUIT

10. On June 5, 2015, HOLTON filed suit in Lake County (Indiana) Superior Court under cause number 45D11-1506-CT-00095 ("Holton lawsuit"), seeking damages for personal injuries she sustained in a January 19, 2014 slip and fall accident in the parking lot of Double Tree Plaza located at 10809 Randolph Street, Crown Point, Indiana.

11. On September 1, 2015, HOLTON filed her First Amended Complaint in the Holton Lawsuit, naming GATEWAY HIGHLAND PROPERTIES, INC., GATEWAY ARTHUR, INC., and DLC LANDSCAPE & SNOW REMOVAL, INC. as defendants. The First Amended Complaint did not name DLC SERVICES, INC. as a defendant. A true and accurate copy of the First Amended Complaint in the Holton Lawsuit is attached hereto and incorporated herein by reference as Exhibit A.

## THE ARGONAUT MIDWEST POLICY

12. ARGONAUT MIDWEST issued a policy of commercial auto liability insurance numbered BA8135498 to DLC SERVICES, INC., a corporation, as named insured, for the policy period March 5, 2013 to March 5, 2014. A true and correct copy of the ARGONAUT MIDWEST policy is attached to this Complaint as Exhibit B.

13. The ARGONAUT MIDWEST policy of insurance contains the following insuring agreement which provided in relevant part as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by and resulting from the ownership, maintenance or use of a covered "auto" . . .
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

14. The ARGONAUT MIDWEST policy provides coverage only for covered "autos," which are described under Symbol 7 as "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown..."

15. The ARGONAUT MIDWEST policy provides coverage only to "insureds" as that term is defined and used in the policy. In Section II (A) (1), "Who Is An Insured," the policy states that "you" are an insured "for any covered 'auto.'" "You" is defined as "the Named Insured shown in the Declarations." The named insured shown in the Declarations of the ARGONAUT MIDWEST policy is DLC SERVICES, INC.

16. In Section IV – Business Auto Conditions, the ARGONAUT MIDWEST policy contains the following provisions:

> **2. Duties in the Event of Accident, Claim, Suit or Loss**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> > **a.** In the event of "accident", claim, "suit" or "loss", you must give us prompt notice of the "accident" or "loss". Include:
> >
> > (1) How, when and where the "accident" or "loss" occurred;
> > (2) The "insured's" name and address; and
> > (3) To the extent possible, the names and addresses of any injured persons and witnesses.
> >
> > **b.** Additionally, you and any other involved "insured" must . . .

       **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit". . . [and]

       **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" . . .

17.    The ARGONAUT MIDWEST policy contains the following exclusion:

[This insurance does not apply to any of the following:]

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

      **a.** Assumed in a contract or agreement that is an "insured contract" . . .

18.    The ARGONAUT MIDWEST policy defines "insured contract" as follows:

      **H.** "Insured contract" means . . .

          **5.** That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization.

## TENDER OF DEFENSE

19.    By written correspondence dated September 16, 2015, GATEWAY HIGHLAND PROPERTIES, INC. and GATEWAY ARTHUR, INC., through their insurer, Liberty Mutual Insurance Company, tendered the defense and indemnification of the Holton lawsuit to DLC LANDSCAPE & SNOW REMOVAL, INC. ARGONAUT MIDWEST first received notice of the Holton lawsuit on August 29, 2016 in the form of Liberty Mutual Insurance Company's September 16, 2015 correspondence. GATEWAY HIGHLAND PROPERTIES, INC. and GATEWAY ARTHUR, INC., through their insurer, Liberty Mutual Insurance Company, claimed to be additional insureds under the ARGONAUT MIDWEST policy. A true and correct

5

copy of Liberty Mutual Insurance Company's September 16, 2015 tender of defense and indemnification letter is attached hereto as Exhibit C.

20. By correspondence dated October 25, 2016 directed to Liberty Mutual Insurance Company, the insurer for GATEWAY HIGHLAND PROPERTIES, INC. and GATEWAY ARTHUR, INC., ARGONAUT MIDWEST advised that it does not owe any duty to defend or indemnify GATEWAY HIGHLAND PROPERTIES, INC. and GATEWAY ARTHUR, INC. against the Holton lawsuit. A true and correct copy of ARGONAUT MIDWEST's October 25, 2016 letter to Liberty Mutual Insurance Company is attached hereto as Exhibit D.

21. By correspondence dated October 25, 2016 directed to Debbie L Cruz, as president of DLC LANDSCAPE & SNOW REMOVAL, INC., ARGONAUT MIDWEST advised DLC LANDSCAPE & SNOW REMOVAL, INC., and DLC SERVICES, INC. that ARGONAUT MIDWEST does not owe any duty to defend or indemnify them against the Holton lawsuit. A true and correct copy of ARGONAUT MIDWEST's October 25, 2016 letter to DLC LANDSCAPE & SNOW REMOVAL, INC. is attached hereto as Exhibit E.

22. Neither DLC SERVICES, INC. nor DLC LANDSCAPE & SNOW REMOVAL, INC. have tendered summons and complaint for the Holton lawsuit to ARGONAUT MIDWEST or tendered their defense of the Holton lawsuit to ARGONAUT MIDWEST.

### COUNT I
### (Declaratory Judgment – No Coverage Because Defendants Are Not Named Insureds or Additional Insureds)

23. ARGONAUT MIDWEST incorporates herein by reference and re-alleges paragraphs one through and including twenty-two above as though fully set forth herein.

24. Defendants DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR, INC. are not covered under the ARGONAUT MIDWEST policy, and therefore ARGONAUT MIDWEST has

no duty to defend or indemnify them against the Holton lawsuit, because the named defendants in the Holton lawsuit, DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR, INC., do not qualify as an "insured," named insured, or additional insured under the ARGONAUT MIDWEST policy.

25.  The above contentions of ARGONAUT MIDWEST are, on information and belief, denied by these defendants.

26.  An actual and justiciable controversy exists, and pursuant to 28 U.S.C. § 2201 *et. seq.*, this Court is empowered to declare the rights and liabilities of the parties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ARGONAUT MIDWEST INSURANCE COMPANY, prays that this Court grant judgment in its favor on Count I, finding and declaring as follows:

a.  That ARGONAUT MIDWEST has no duty to defend DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC. against the Holton lawsuit;

b.  That ARGONAUT MIDWEST has no duty to indemnify DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC. against the Holton lawsuit;

c.  That ARGONAUT MIDWEST has no obligation whatsoever to HANNELORE HOLTON; and

d.  That this Court grant ARGONAUT MIDWEST such other and further relief as the Court deems just and proper under all the facts and circumstances.

### COUNT II
(Declaratory Judgment – Late Notice)

27.  ARGONAUT MIDWEST incorporates herein by reference and re-alleges paragraphs one through and including twenty-six above as though fully set forth herein.

28. Defendants DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR, INC. are not covered under the ARGONAUT MIDWEST policy, and therefore ARGONAUT MIDWEST has no duty to defend or indemnify them against the Holton lawsuit, because the contractual notice condition established in the ARGONAUT MIDWEST policy has been breached by, among other things, the failure of DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR, INC. to provide prompt notice to ARGONAUT MIDWEST of the incident in which HOLTON allegedly slipped and fell, as well as the Holton lawsuit.

29. Accordingly, even if DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR INC. could qualify as "insureds", named insureds, or additional insureds under the ARGONAUT MIDWEST policy, which ARGONAUT MIDWEST has denied and continues to deny, there is no coverage for the defendants because the notice conditions of the ARGONAUT MIDWEST policy have been breached.

30. The above contentions of ARGONAUT MIDWEST are, on information and belief, denied by these defendants.

34. An actual and justiciable controversy exists, and pursuant to 28 U.S.C. § 2201 *et. seq.*, this Court is empowered to declare the rights and liabilities of the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ARGONAUT MIDWEST INSURANCE COMPANY, prays that this Court grant judgment in its favor on Count II, finding and declaring as follows:

    a.    That ARGONAUT MIDWEST has no duty to defend DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC.

against the Holton lawsuit;

b. That ARGONAUT MIDWEST has no duty to indemnify DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC. against the Holton lawsuit;

c. That ARGONAUT MIDWEST has no obligation whatsoever to HANNELORE HOLTON; and

d. That this Court grant ARGONAUT MIDWEST such other and further relief as the Court deems just and proper under all the facts and circumstances.

## COUNT III
### (Declaratory Judgment – Breach of Cooperation)

35. ARGONAUT MIDWEST incorporates herein by reference and re-alleges paragraphs one through and including thirty-four above as though fully set forth herein.

36. Defendants DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR, INC. are not covered under the ARGONAUT MIDWEST policy, and therefore ARGONAUT MIDWEST has no duty to defend or indemnify them against the Holton lawsuit, because the contractual cooperation condition contained in the ARGONAUT MIDWEST policy has been breached, thereby substantially and materially prejudicing ARGONAUT MIDWEST's ability to investigate the claim.

37. Accordingly, even if DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., and GATEWAY ARTHUR INC. could qualify as "insureds", named insureds, or additional insureds under the ARGONAUT MIDWEST policy, which ARGONAUT MIDWEST has denied and continues to deny, there is no coverage for the defendant because the ARGONAUT MIDWEST policy's cooperation condition has been breached.

38. The above contentions of ARGONAUT MIDWEST are, on information and belief, denied by these defendants.

40. An actual and justiciable controversy exists, and pursuant to 28 U.S.C. § 2201 *et. seq.*, this Court is empowered to declare the rights and liabilities of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ARGONAUT MIDWEST INSURANCE COMPANY, prays that this Court grant judgment in its favor, finding and declaring as follows:

a. That ARGONAUT MIDWEST has no duty to defend DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC. against the Holton lawsuit;

b. That ARGONAUT MIDWEST has no duty to indemnify DLC SERVICES, INC., DLC LANDSCAPE & SNOW REMOVAL, INC., GATEWAY HIGHLAND PROPERTIES, INC., or GATEWAY ARTHUR, INC. against the Holton lawsuit;

c. That ARGONAUT MIDWEST has no obligation whatsoever to HANNELORE HOLTON; and

d. That this Court grant ARGONAUT MIDWEST such other and further relief as the Court deems just and proper under all the facts and circumstances.

Respectfully submitted,

s/Kelly V. Milam
One of the attorneys for Plaintiff,
ARGONAUT MIDWEST INSURANCE COMPANY

Jeffrey A. Siderius
Kelly V. Milam (29020-45)
Nicholas S. Graber
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450